IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MYSTIANA VICTORINO,             )   CIV. NO. 22-00527 HG-WRP
                                )
            Plaintiff,          )
                                )
        vs.                     )
                                )
HAWAIIAN AIRLINES, INC.; DOES   )
1-20,                           )
                                )
                                )
            Defendant.          )
                                )
                                )
_____ )

**ORDER DENYING PLAINTIFF MYSTIANA VICTORINO'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (ECF No. 59)**

In 2017, Plaintiff Mystiana Victorino began her employment with Defendant Hawaiian Airlines, Inc.

In August 2021, Defendant Hawaiian Airlines, Inc. implemented a mandatory vaccination policy in the midst of the worldwide COVID-19 pandemic.

On August 27, 2021, Plaintiff requested an accommodation from Defendant Hawaiian Airlines, Inc., seeking an exemption from the vaccination policy.  Plaintiff claimed that she needed an accommodation based on her religious beliefs.

On December 14, 2021, Defendant Hawaiian Airlines, Inc. denied Plaintiff's request for an exemption from its vaccination policy.

On January 31, 2022, Defendant terminated Plaintiff from her

employment for failure to comply with its policy.

Plaintiff filed suit against Defendant Hawaiian Airlines, Inc., claiming religious discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and Haw. Rev. Stat. § 378-2.

Plaintiff has filed a Motion for Partial Summary Judgment. Plaintiff seeks a ruling that she has established a prima facie case of failure to accommodate based on her religious beliefs pursuant to both Title VII of the Civil Rights Act of 1964 and Haw. Rev. Stat. § 378-2.

Defendant Hawaiian Airlines, Inc. opposes the Motion. Defendant argues that there are genuine issues of material fact as to whether Plaintiff required a religious accommodation. Defendant asserts that Plaintiff refused to get vaccinated for COVID-19 for non-religious reasons.  Defendant asserts there are questions of fact about the sincerity of Plaintiff's religious beliefs and whether her religious beliefs presented an actual conflict with its vaccination policy.

Construing the record in a light most favorable to Defendant, the Court finds there are genuine issues of material fact as to Plaintiff's religious beliefs and their purported conflict with Defendant's vaccination policy.

Plaintiff Mystiana Victorino's Motion for Partial Summary Judgment (ECF No. 59) is **DENIED.**

## PROCEDURAL HISTORY

On December 20, 2022, Plaintiff filed the Complaint.  (ECF No. 1).

On June 1, 2023, the case was reassigned to District Judge Helen Gillmor.  (ECF No. 27).

On June 28, 2024, Plaintiff filed a Motion for Partial Summary Judgment and Concise Statement of Facts in Support of her Motion.  (ECF No. 59).

On July 8, 2024, the Court issued a Minute Order seeking clarification as to the Defendant's position and whether it intended to oppose Plaintiff's Partial Motion.  (ECF No. 60).

On July 15, 2024, Defendant filed a letter brief explaining that it was seeking to oppose Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 62).

On July 16, 2024, the Court issued a briefing schedule. (ECF No. 63).

On August 7, 2024, Defendant filed its Opposition and Concise Statement of Facts in Opposition.  (ECF Nos. 66, 67).

On September 4, 2024, Plaintiff filed her Reply.  (ECF No. 73).

On September 10, 2024, the Court set a hearing on Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 74).

On September 12, 2024, Plaintiff filed a Motion to Continue the hearing date.  (ECF No. 75).

On September 13, 2024, Defendant filed a Statement of No Opposition to Plaintiff's Motion to Continue.  (ECF No. 76).

On September 16, 2024, the Court issued a Minute Order granting Plaintiff's Motion to Continue the hearing date.  (ECF No. 77).

On October 21, 2024, the Court continued the hearing on Defendant's Motion for Partial Summary Judgment until December 4, 2024.  (ECF No. 84).

On December 4, 2024, the Court held a hearing on Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 93).

<u>**BACKGROUND**</u>

**The Following Facts Are Not In Dispute:**

In 2017, Plaintiff Mystiana Victorino was hired by Defendant Hawaiian Airlines, Inc. as a Customer Service Agent. (Declaration of Plaintiff Mystiana Victorino ("Victorino Decl.") at ¶¶ 3-7, attached to Pl.'s Concise Statement of Facts ("CSF"), ECF No. 59-15).

In June 2021, Plaintiff Victorino changed her position with Defendant Hawaiian Airlines, Inc. and began working as a Cleaner. (<u>Id.</u> at ¶ 8).

On August 9, 2021, Defendant Hawaiian Airlines, Inc. announced its vaccination policy in response to the global COVID-19 pandemic.  (Declaration of Robin Kobayashi, Senior Vice

President of Human Resources for Defendant Hawaiian Airlines, Inc. ("Kobayashi Decl."), at ¶ 4, attached as Ex. D to Def.'s CSF, ECF No. 67-4).

In its policy, Defendant Hawaiian Airlines, Inc. announced it would require all United States-based employees to be vaccinated against COVID-19 by November 1, 2021, unless the employee was entitled to a reasonable accommodation for religious or disability purposes. (Id.)

On August 27, 2021, Plaintiff submitted a form to Defendant entitled, "COVID-19 VACCINATION RELIGIOUS ACCOMMODATION REQUEST FORM." (Hawaiian Airlines COVID-19 Vaccination Religious Accommodation Request Form, dated August 27, 2021, attached as Ex. 3 to Pl.'s CSF, ECF No. 59-5). On the form, Plaintiff stated that she was seeking an exemption from Defendant's vaccination policy because she is a Christian who believes in the Holy Bible. (Id. at p. 2).

On October 7, 2021, Plaintiff submitted a Supplemental Request Form. (Religious Accommodation Supplemental Form, dated October 7, 2021, attached as Ex. 4 to Pl.'s CSF, ECF No. 59-6). The form provided additional information about Plaintiff's religious accommodation request. (Id.)

On December 14, 2021, Defendant Hawaiian Airlines, Inc. denied Plaintiff's request for a religious accommodation. (Letter from Defendant Hawaiian Airlines to Plaintiff dated

December 14, 2021, attached as Ex. 5 to Pl.'s CSF, ECF No. 59-7).

In the letter, Defendant explained that it could not
"reasonably accommodate [Plaintiff] because it would cause an
undue hardship that will result in significant disruption to
[its] operation." (Id.)  Defendant further stated that it could
not safely accommodate Plaintiff's request to decline vaccination
because her role as a Cleaner did not allow for maintaining
baseline COVID-19 safety protocols, "specifically maintaining
minimum physical distance and mandatory masking." (Id.)

Defendant's letter explained that testing for COVID-19 was
determined not to be a reasonable accommodation because "the
complexity, expense, and administrative burden of managing the
testing program is unsustainable." (Id.)

Plaintiff was offered the option of taking a 12-month unpaid
leave of absence in lieu of vaccination in order not to risk
termination. (Id.)

On January 5, 2022, Plaintiff was placed "out of service
without pay" pending a termination hearing.  (Letter from
Defendant to Plaintiff dated January 5, 2022, attached as Ex. 8
to Pl.'s CSF, ECF No. 59-10).

On January 24, 2022, a termination hearing was held.
(Letter from Defendant to Plaintiff dated January 31, 2022,
attached as Ex. 10 to Pl.'s CSF, ECF No. 59-12).

On January 31, 2022, Defendant was terminated from her

employment with Defendant Hawaiian Airlines, Inc.  (Id.)
Defendant stated in the letter that Plaintiff was terminated
because she refused to comply with Defendant's vaccination policy
and declined to take the 12-month unpaid leave of absence in the
alternative.  (Id.)

**THE PARTIES DISPUTE THE BASIS FOR PLAINTIFF'S RELIGIOUS
ACCOMMODATION REQUEST TO BE EXEMPT FROM DEFENDANT'S VACCINATION
REQUIREMENT:**

> **<u>Plaintiff's Position</u>:**

Plaintiff asserts that she refused to be vaccinated from
COVID-19 due to her Christian faith and her understanding of the
Bible.  (Hawaiian Airlines COVID-19 Vaccination Religious
Accommodation Request Form, dated August 27, 2021, attached as
Ex. 3 to Pl.'s CSF, ECF No. 59-5; Religious Accommodation
Supplemental Form, dated October 7, 2021, attached as Ex. 4 to
Pl.'s CSF, ECF No. 59-6).

> **<u>Defendant's Position</u>:**

Defendant Hawaiian Airlines, Inc. asserts that in or around
the beginning of 2020, the COVID-19 virus began severely
impacting its business.  (Kobayashi Decl., at ¶ 3, attached as
Ex. D to Def.'s CSF, ECF No. 67-4).  Due to the unprecedented
nature of the global pandemic, Defendant Hawaiian Airlines, Inc.
was forced to review its policies and procedures, make workforce
reductions, reorganize various departments, and allocate its

7

limited resources to concentrate on business operations to best minimize its financial losses.  (Id.)

Shortly after Defendant Hawaiian Airlines announced its vaccine policy on August 9, 2021, the State of Hawaii experienced the Delta Variant surge.  (Id. at ¶ 11).  During the Delta Variant surge, Defendant Hawaiian Airlines, Inc. asserts that it struggled to obtain a vendor who could supply a sufficient number of tests for COVID-19 before the testing kits expired.  (Id. at ¶ 12).  Defendant asserts that the supply of test kits during the surge was unpredictable and testing proved to be burdensome to administer.  (Id. at ¶¶ 12-13).

Defendant asserts that by September 2021, three of Defendant's employees had died as a result of the COVID-19 virus. (Id. at ¶ 16).

Defendant asserts that following the announcement of its vaccination policy, it created an intake process for reasonable accommodation requests in a time of upheaval in the airline industry.  (Id. at ¶ 6).

Defendant acknowledges that Plaintiff submitted an accommodations request, claiming it was based on religious beliefs, but Defendant argues that Plaintiff's refusal to receive a COVID-19 vaccine was based on safety concerns and personal thoughts about COVID-19 and not based on sincerely held religious beliefs.

Specifically, Defendant cites to Plaintiff's deposition testimony where Plaintiff stated that she believed the vaccines were not safe and would harm her body. (Deposition of Plaintiff Mystiana Victorino at pp. 48-50, 129-130, attached as Ex. A to Def.'s CSF, ECF No. 67). Plaintiff also stated that she did her own research and believed that the vaccine would "alter her body on a cellular level," and she believed that the vaccines were not researched enough before being provided to the public. (Id.)

Defendant also argues that Plaintiff's refusal to be vaccinated was not based on sincerely held religious beliefs because she testified that she regularly received medical care without religious objection, including receipt of the vaccine for Japanese Encephalitis in 2016. (Id. at pp. 70-71, 79-81, 86-88).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To defeat summary judgment "there must be sufficient 'evidence that a reasonable jury could return a verdict for the nonmoving party.'" Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for

the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477

U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Plaintiff has filed a Motion for Partial Summary Judgment. Plaintiff's Motion seeks a partial ruling in her favor that she has established a prima facie case of failure to accommodate her religious beliefs pursuant to Title VII of the Civil Rights Act

of 1964 and Haw. Rev. Stat. § 378-2.

## I.    Plaintiff's Causes Of Action Based On Defendant's Purported Failure To Accommodate Her Religious Beliefs

At the summary judgment stage, a plaintiff's claims based on an employer's purported failure to accommodate the plaintiff's religious beliefs are analyzed using a two-part, burden-shifting framework.  Tiano v. Dillard Dep't Stores, Inc., 139 F.3d 679, 681 (9th Cir. 1998).  Courts apply the framework at summary judgment to evaluate religious accommodations claims under both Title VII of the Civil Rights Act of 1964 and Section 378-2 of the Hawaii Revised Statutes.  Tiano, 139 F.3d at 681; see McGinn v. Haw. Symphony Orchestra, 727 F.Supp.3d 915, 935-36 (D. Haw. 2024); Haw. Admin. Rules § 12-46-154.

First, a plaintiff must establish a prima facie case of failure to accommodate based on her religious beliefs.  Tiano, 139 F.3d at 681.

Second, if an employee establishes a prima facie case, the burden shifts to the employer to show that it could not accommodate the employee without undue hardship on the conduct of the employer's business.  Groff v. DeJoy, 600 U.S. 447, 470 (2023); see 29 C.F.R. § 1605.2(e) (defining undue hardship); HAR §§ 12-46-187(a), 12-46-193(4), 12-46-147 (undue hardship under Hawaii state law).

The United States Supreme Court has ruled that the defense

of undue burden requires the employer to show that the burden of granting an accommodation would result in "substantial increased costs in relation to the conduct of its particular business." Groff, 600 U.S. at 470.  The evaluation of an undue burden defense is both context and case specific.  Id. at 471-72.

There appears to be an open question as to whether the burden-shifting framework established for evaluating religious accommodations claims at summary judgment also applies at trial. It is well-settled that the burden-shifting framework at the pleading stage for a disability accommodations claim pursuant to the Americans With Disabilities Act does not apply at trial.  See Snapp v. United Transportation Union, 889 F.3d 1088, 1096 (9th Cir. 2018).  Similarly, the McDonnell-Douglas burden shifting framework for discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 does not apply at trial.  Costa v. Desert Palace, Inc., 299 F.3d 838, 855 (9th Cir. 2002) (en banc).

## II.  There Are Genuine Disputes Of Material Fact That Preclude Summary Judgment As To Plaintiff's Prima Facie Case Of Failure To Accommodate Her Religious Beliefs

To establish a prima facie claim for failure to provide a religious accommodation at summary judgment pursuant to Title VII of the Civil Rights Act of 1964 or Haw. Rev. Stat. § 378-2, a plaintiff must demonstrate that:

> (1)  she has a bona fide religious belief, the practice of which conflicts with an employment duty;

13

    (2)   she informed her employer of the belief and the
conflict; and

    (3)   the employer subjected her to an adverse employment
action because of her inability to fulfill a job
requirement.

<u>Peterson v. Hewlett-Packard Co.</u>, 358 F.3d 599, 606 (9th Cir.
2004).

Here, the Parties agree that Plaintiff sought an exemption
from Defendant Hawaiian Airlines, Inc.'s vaccination policy.  The
Parties also agree that Plaintiff was not granted an
accommodation and that she was terminated after she failed to
comply with Defendant's vaccination policy.

The Parties dispute whether Plaintiff had a bona fide
religious belief, the practice of which actually conflicted with
Defendant's vaccination policy.

### A.    The Record Is Construed In A Light Most Favorable To Defendant Hawaiian Airlines, Inc. As The Non-Moving Party

The Court must construe the record in a light most favorable
to Defendant Hawaiian Airlines, Inc., as the non-moving party,
when evaluating Plaintiff's Motion for Partial Summary Judgment.
<u>See</u> <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

The Parties dispute whether Plaintiff had a sincerely held
religious belief that prevented her from complying with Defendant
Hawaiian Airlines, Inc.'s COVID-19 vaccination policy.

Plaintiff relies on Defendant Hawaiian Airlines, Inc.'s

statement in a letter provided to Plaintiff during the reasonable accommodation process, stating that Plaintiff had a "sincere religious belief." (Human Resources Letter to Plaintiff from Defendant dated December 14, 2021, attached as Ex. 5 to Pl.'s CSF, ECF No. 59-7). Defendant Hawaiian Airlines, Inc. argues in its Opposition that there are genuine issues of material fact concerning Plaintiff's religious beliefs. Defendant argues that the statement in the Human Resources Letter is not entitled to any deference as the record must be construed in a light most favorable to it. Defendant argues that the statement was merely made in a form Human Resources letter as part of the interactive reasonable accommodation process and was not a concession as to the merits of any legal claim against it. Plaintiff argues that Defendant's statement entitles her to summary judgment in her favor as to her prima facie case of her religious accommodations claims.

Plaintiff misunderstands the summary judgment standard. A plaintiff seeking summary judgment on her own claim must establish that there are no genuine disputes of material fact and that she is entitled to the relief sought. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 950 (9th Cir. 2009). Plaintiff's assertions as to the sincerity of her religious beliefs are not entitled to deference on her own motion for summary judgment. Compare Bolden-Hardge v. Office of the Cal. State Controller, 63

15

F.4th 1215, 1223 (9th Cir. 2023).

Here, Plaintiff must establish there are no disputes of fact as to the sincerity of her religious beliefs and that there was an actual conflict between her bona fide religious beliefs and her employment duties.  In doing so, the Court must construe the record and any reasonable inferences in a light most favorable to the non-moving party Defendant Hawaiian Airlines, Inc.  Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011).

**B.    Title VII of the Civil Rights Act of 1964 And Haw. Rev. Stat. § 378-2 Are Limited In Scope**

Title VII of the Civil Rights Act of 1964 and Haw. Rev. Stat. § 378-2 protect a plaintiff from religious discrimination, but they do not protect all social, political, or economic views or personal preferences.  Bordeaux v. Lions Gate Entertainment, Inc., 703 F.Supp.3d 1117, 1133 (C.D. Cal. Nov. 21, 2023); see Haw. Rev. Stat. § 378-2(a)(1).

Plaintiff's motivation for requesting an exemption from Defendant's vaccination policy and whether she was motivated by her religious beliefs or some other social, political, or economic view or personal preference are questions for the jury.

The credibility of the witnesses, including Plaintiff, is for the jury to decide, not the Court.  At the summary judgment stage, the Court does not make credibility determinations or

16

weigh conflicting evidence.   <u>Porter v. Cal. Dept. of Corrections</u>, 419 F.3d 885, 891 (9th Cir. 2005).

As explained below, there are several disputes of fact in the record as to the sincerity of Plaintiff's religious beliefs and the actual basis for Plaintiff's decision to refuse to comply with Defendant's vaccination requirement.

    **C.**    **There Are Genuine Dispute Of Material Fact As To The Basis For Plaintiff's Exemption Request**

        **1.**    **Questions Of Fact Whether Plaintiff's Religious Beliefs Actually Conflicted With Defendant's Vaccination Policy**

There is no dispute that Plaintiff requested an exemption from Defendant's vaccination policy.  On August 27, 2021, Plaintiff completed an accommodation request form and stated that she was seeking a religious accommodation from the vaccination requirement based on her Christian faith.  (Hawaiian Airlines COVID-19 Vaccination Religious Accommodation Request Form, dated August 27, 2021, attached as Ex. 3 to Pl.'s CSF, ECF No. 59-5).

On the form, Plaintiff stated that she was a Christian who believes in the Holy Bible.  (<u>Id.</u> at p. 2).  Plaintiff requested an exemption from Defendant's COVID-19 vaccination policy based on her belief that "my body is a temple of the Holy Spirit." (<u>Id.</u>)

On October 7, 2021, Plaintiff submitted a Supplemental Request Form.  (Religious Accommodation Supplemental Form, dated

October 7, 2021, attached as Ex. 4 to Pl.'s CSF, ECF No. 59-6).
On the form, Plaintiff indicated that she "embraced a Christian
worldview" and she "refrain[s] from partaking in certain
activities and defiling [her] body in ways contrary to [her]
biblical beliefs." (Id.)

The veracity of Plaintiff's statements, whether they are
bona fide religious beliefs, and whether they actually conflicted
with Defendant Hawaiian Airlines, Inc.'s vaccination policy are
questions of fact for the jury. Anderson, 477 U.S. at 250.

Defendant argues that Plaintiff did not have bona fide
religious beliefs that actually conflicted with its vaccination
policy. Defendant asserts that Plaintiff actually declined to
get vaccinated for non-religious reasons, citing her deposition
testimony where she stated that she believed the vaccine may
cause bodily harm and may "alter your body from like a cellular
level." (Victorino Depo. at p. 49, attached as Ex. A to Def.'s
CSF, ECF No. 67).

Construing the record in a light most favorable to
Defendant, it is possible for the jury to discredit Plaintiff's
testimony or find that Plaintiff's general references to
Christianity failed to demonstrate an actual conflict with her
employer's vaccination requirement. See Kamrath v. Addictions
Recovery Ctr., Inc., 2024 WL 942092, *2 (D. Or. Mar. 5, 2024);
see also Moli v. King Cnty., 2024 WL 1860184, *3-*4 (W.D. Wash.

Apr. 29, 2024).

Defendant also points to Plaintiff's deposition testimony where she explained that she does not follow any particular sect or denomination of Christianity and that she does not follow any particular teachings or dogma other than the Bible. (Victorino Depo. at pp. 55-56, attached as Ex. A to Def.'s CSF, ECF No. 67).

Construing the record in a light most favorable to Defendant, a rational juror could find that Plaintiff does not have a sincerely held religious belief that actually conflicted with the Defendant's policy. Moore v. Effectual Inc., 2024 WL 1091689, *9 (W.D. Wash. Mar. 13, 2024) (finding plaintiff failed to establish a prima facie case of a bona fide or sincerely held religious belief on summary judgment because the plaintiff's request for religious exemption was actually based on scientific and political objections).

There are also questions of fact concerning Plaintiff's job duties and the safety issues regarding her unvaccinated status. Plaintiff claims that in her job as a Cleaner she did not interact with the public, passengers, or crew. (Victorino Decl. at ¶ 11, attached to Pl.'s CSF, ECF No. 59-15). Defendant disputes Plaintiff's claim and asserts that her own deposition testimony demonstrates that she did interact with others. (Victorino Depo. at pp. 42-43, attached as Ex. A to Def.'s CSF, ECF No. 67). Defendant also explains that in September 2021, it

was required to comply with the Federal Contractor Mandate and its safety guidelines and that Defendant determined that Plaintiff's position could not use social distancing as an accommodation due to the job duties and the proximity to others. (Declaration of Willard Jackson, Senior Director, Leave Management at Def. Hawaiian Airlines, Inc., at ¶¶ 4, 16, attached as Ex. B to Def.'s CSF, ECF No. 67).

The credibility of Plaintiff and her claims regarding her religious beliefs, her job duties, and the basis for her exemption request are questions for the jury.  "[C]onsidering that not all Christian denominations may maintain the same beliefs, stating that one is a Christian does not identify the bona fide religious belief that conflicts with an employment requirement."  Bartholomew v. State of Washington, 693 F.Supp.3d 1107, 1114 n.4 (W.D. Wash. 2023).

The question of whether Plaintiff's purported bona fide religious beliefs actually conflicted with an employment duty are questions of fact for the jury.

### 2.    Questions Of Fact As To The Sincerity Of Plaintiff's Religious Beliefs

The sincerity of Plaintiff's religious beliefs is also a question of fact for the jury.  Kidd v. Univ. Med. Ctr. of So. Nevada, 2024 WL 4046249, *3 (D. Nev. July 2, 2024) (explaining that several circuit courts of appeals have ruled that the issue

20

of the sincerity of a plaintiff's religious beliefs is a question of fact for the jury, citing Tiano, 139 F.3d at 682-83).

Defendant asserts that during Plaintiff's deposition, she could not identify the source of her beliefs other than stating, "I mean, it's basically the Bible." (Victorino Depo. at pp. 55-56, attached as Ex. A to Def.'s CSF, ECF No. 67).

Defendant Hawaiian Airlines, Inc. moves to discredit Plaintiff's testimony that her opposition to the vaccination requirement was religious-based by pointing to purported inconsistencies in her deposition testimony.  Defendant cites to Plaintiff's testimony that she regularly receives other medical treatment and that it was only the COVID-19 vaccination that she believed was not allowed because she prayed directly to God about it.  (Id. at pp. 77-78).  Plaintiff testified that aside from the COVID-19 vaccine, there are no other medicines, treatments, or vaccines that she has declined to receive on account of her religious beliefs.  (Id. at p. 82).  Plaintiff explained that she takes over-the-counter medications, and she has been prescribed an EpiPen and takes albuterol for asthma.  (Id. at pp. 86-88).

Plaintiff explained in her deposition that she has taken numerous medications and received medical care and that she had not opposed any other medical treatments for religious reasons.  (Id. at pp. 70-71, 86-88).  Plaintiff testified that her religious beliefs do not prevent her from receiving vaccinations

21

overall, but she stated that for each vaccine she believes it is something that she must pray about to determine if it is appropriate.  (Id. at pp. 53, 69, 77-80).

Plaintiff admitted that she received the vaccine for Japanese Encephalitis in 2016 and stated that she did not feel that receiving that vaccine violated her religious beliefs.  (Id. at pp. 79-81).

Construing the record in a light most favorable to Defendant, there are genuine issues of material fact as to Plaintiff's prima facie case.  The credibility of the Plaintiff, the sincerity of her beliefs, and whether her claimed bona fide religious beliefs actually conflicted with Defendant's COVID-19 vaccination policy are questions for the jury.

### D.  Plaintiff's Estoppel Argument Is Not Applicable

Plaintiff argues that Defendant should be precluded from challenging her prima facie case.  In support of her argument, Plaintiff relies on the language used in the December 14, 2021 letter to Plaintiff denying her request for an exemption from Defendant's vaccination policy.  The December 14, 2021 letter states:

> Although you have a sincere religious belief, we cannot reasonably accommodate you because it would cause an undue hardship that will result in significant disruption to our operation.

(Letter to Plaintiff from Defendant dated December 14, 2021,

22

attached as Ex. 5 to Pl.'s CSF, ECF No. 59-7).  The letter is not
signed by an individual but states it was sent from "Leave
Management" for "Hawaiian Airlines."  (Id. at p. 2).

Plaintiff argues that Defendant should be "estopped" from
arguing that her religious beliefs are not "sincere" for purposes
of her Motion for Partial Summary Judgment based on the language
used in the letter.  Plaintiff has not provided any legal basis
for her estoppel argument.

First, judicial estoppel is not applicable.  The December
14, 2021 letter was provided to Plaintiff well before this
lawsuit was filed on December 20, 2022.  Judicial estoppel is
limited to a party taking an inconsistent position before the
court in the same litigation.  Perez v. Discover Bank, 74 F.4th
1003, 1008 (9th Cir. 2023).  In this case, Defendant Hawaiian
Airlines, Inc. has not taken inconsistent positions before the
Court.  See New Hampshire v. Maine, 532 U.S. 742, 749 (2001).
Since the inception of the litigation, Defendant has challenged
Plaintiff's religious accommodations claims, including whether
her accommodations request was made pursuant to bona fide
religious beliefs.

Second, collateral estoppel does not apply.  Collateral
estoppel only applies where a prior court ruled and determined a
conclusive issue of fact in a prior lawsuit.  United States v.
Stauffer Chem. Co., 464 U.S. 165, 170-71 (1984).  There is no

prior litigation from which estoppel may apply in this case.

Just as with Plaintiff, the credibility of the Defendant's statements, including the statements made in the December 14, 2021 letter, are questions of fact for the jury at trial.

### CONCLUSION

Plaintiff Mystiana Victorino's Motion for Partial Summary Judgment (ECF No. 59) is **DENIED.**

IT IS SO ORDERED.

Dated: December 12, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge